IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,  )<br>                                                      )<br>                          Plaintiff,    )<br>                                                      )<br>     vs.                                            )<br>                                                      )<br>CREIGHTON BARNER and         )<br>MARY BARNER,                         )<br>                                                      )<br>                          Defendants.  ) | Case No. 8:06CR114<br><br>ORDER |

This case is before the court on the defendant Creighton Barner's Motion to Sever (#17).[1] The defendants stand jointly charged with bankruptcy fraud and, in Counts III and IV of the Indictment, they are charged, individually, with making a material false oath and account pertaining to the ownership of livestock, during their First Meeting of Creditors. The defendants' Motions to Sever are pursuant to Fed. R. Crim. P. 14 on the grounds that in a joint trial, their rights under the Sixth Amendment to the United States Constitution will be abridged or denied based upon their inability to confront or cross-examination statements made prior to trial by the other.

The government counters that the motion should be denied as the pretrial statements do not expressly implicate the other defendant.

Fed. R. Crim. P. 14 reflects the recognition that joinder, even when proper under Rule 8(b), may prejudice a defendant. For that reason, R. 14 provides, "[i]f it appears that a defendant or the government is prejudiced by a joinder .... of defendants .... for trial together, the court may order an election or separate trials of counts, grant a severance of defendants, or provide whatever other relief justice requires."

---

[1] At the October 25, 2006 hearing the defendant Mary Barner's oral motion to join Creighton Barner's Motion to Sever, was granted.

In *Bruton v. United States*, 391 U.S. 123 (1968), the Supreme Court held that a co-defendant's statement that facially incriminates a defendant, violates the confrontation clause despite cautionary instructions. In *Richardson v. Marsh*, 481 U.S. 200 (1987), the court held that there is no confrontation clause violation when the defendant's name and existence are excised from the statement and limiting instructions are given even though the confession might implicate the defendant when linked to other evidence.

In this case, each defendant claims that the other defendant made statements which implicate them. In a joint trial, the government is limited as to what statements of co-defendants may be used. *See, Bruton v. United States*, *supra*. In this case, the defendants and the government do not differ as to the applicable law, but rather differ as to whether each defendants' statements are inculpatory as to the other. At the motion hearing I received Exhibits 1001 through 1003. I have reviewed the exhibits and I find that they contain statements by each defendant, which facially incriminate the other as to the ownership of livestock. I also note the statements by Mary Barner in Exhibit 1003, a transcript of the First Meeting of Creditors held on January 20, 2005, specifically identifying her husband's signature on bankruptcy documents.

Of great concern, however, is Exhibit 1001, the report of Victor Florea's investigation into the assets of the defendants. It lists representations that during a December 17, 2004 interview with Creighton Barner and Mary Barner, "they" told him about certain livestock which they owned or had owned. Additionally, the report states during a March 23, 2005 interview with Creighton Barner, the ownership of certain livestock alleged to be owned or registered by both defendants was discussed.

I find, based upon the allegations of fraud involving the ownership of livestock, that the statements of the defendants about the ownership of livestock and Mary Barner's statement as to her husband's signature on the bankruptcy documents, are inculpatory.

I further find that while the statements as to the signature could be redacted, the statements given to Florea cannot be redacted, nor would a special instruction limit its application to the proper defendant, The defendants' motions are granted.

**IT IS ORDERED:**

1. The Defendant Creighton Barner's Motion to Sever (#17) and the defendant Mary Barner's oral Motion to Sever are granted and separate trials are ordered for each.

Pursuant to NECrimR 57.2, a party may appeal this order by filing a "Statement of Appeal of Magistrate Judge's Order" within ten (10) calendar days after being served with the order. The party shall specifically state the order or portion thereof appealed from and the basis of the appeal. The appealing party shall file contemporaneously with the statement of appeal a brief setting forth the party's arguments that the magistrate judge's order ***is clearly erroneous or contrary to law***. The filing of a statement of appeal does not automatically stay the magistrate judge's order pending appeal.  See NECrimR 57.2(d).

Dated this 31st day of October 2006.

BY THE COURT:

s/ F. A. Gossett
United States Magistrate Judge