IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) | 8:06CR114 |
| v. | ) ) | |
| CREIGHTON BARNER AND MARY BARNER, | ) ) ) | MEMORANDUM AND ORDER |
| Defendants. | ) ) ) | |

This matter is before the court on the appeal of the government, Filing No. 36, from the order of the magistrate, Filing No. 35. The magistrate determined that defendant Creighton Barner's motion to sever trial from his wife Mary Barner, Filing No. 17, should be granted.[1] The government disagrees and appeals the magistrate's ruling.

The two defendants have been jointly charged in an Indictment with bankruptcy fraud, and in Counts III and IV individually charged with making a false oath regarding ownership of livestock. Filing No. 1. Defendants moved to sever their trials on the basis that (1) the government's evidence would include a transcript of the first meeting of creditors and a second transcript of a second meeting of creditors wherein both defendants made statements about their assets and the bankruptcy filing; and, (2) defendants made other statements individually that they believe would be offered at a joint trial.

Defendant Creighton Barner argued at the hearing before the magistrate that Mary Barner's alleged statements in a December 17, 2004, interview by a Nebraska Brand Inspector and her statements to neighbors regarding colts for sale would implicate him in

---

[1] The defendant Mary Barner joined in this motion at the hearing before the magistrate. Filing No. 33.

a joint trial.  Creighton Barner argued that permitting these statements in a joint trial will violate *Bruton* and deny him his Sixth Amendment rights under the United States Constitution.  *Bruton v. United States*, 391 U.S. 123 (1968) (codefendant's confession posed a threat to right of defendant to confront witnesses and limiting instruction would not suffice in context of a joint trial).  Creighton Barner also argued that no redaction or limiting instruction could cure the prejudice he would receive, if Mary Barner's statements are permitted in a joint trial.  He argued that the "inferential incrimination" exception set forth in *Richardson* is not applicable in this case.  *Richardson v. Marsh*, 41 U.S. 200 (1987) (testimony by a codefendant which was inferential incrimination, as opposed to direct incrimination, could be cured with limiting instruction).  Creighton Barner argued that any statement made by Mary Barner would directly implicate him, and the court would be unable to limit such evidence for the jury.[2]

The magistrate conducted a hearing and received Exhibits 1001 (Criminal Investigator's Report; 1002, transcript of § 341 first meeting of creditors held on November 18, 2004; and 1003, transcript of § 341 first meeting of creditors held on January 20, 2005.  The magistrate determined that the trials should be severed in this case.   Filing No. 35.  He concluded that joinder is prejudicial under Fed. R. Crim. P. 14.   The magistrate considered the statements in Exhibits 1001 through 1003 with regard to both *Bruton* and *Richardson*.  He determined that:

> I have reviewed the exhibits and I find that they contain statements by each defendant, which facially incriminate the other as to the ownership of livestock. I also note the statements by Mary Barner in Exhibit 1003, a

---

[2]Apparently, at the hearing before the magistrate, the government did not provide a brief in opposition to the motion to sever.

> transcript of the First Meeting of Creditors held on January 20, 2005, specifically identifying her husband's signature on bankruptcy documents.
>
> Of great concern, however, is Exhibit 1001, the report of Victor Florea's investigation into the assets of the defendants. It lists representations that during a December 17, 2004 interview with Creighton Barner and Mary Barner, "they" told him about certain livestock which they owned or had owned. Additionally, the report states during a March 23, 2005 interview with Creighton Barner, the ownership of certain livestock alleged to be owned or registered by both defendants was discussed.

Filing No. 35, page 2. Accordingly, the magistrate granted the motions to sever and ordered separate trials in this case.

Thereafter, the government appealed, Filing No. 36, and filed a brief in support, Filing No. 37. The government contends that the magistrate should have determined that (1) redaction would be sufficient to avoid reference to one defendant by another; (2) a limiting instruction would be effective; and (3) separate trials are not necessary. Further, the government argues that these statements are made by co-conspirators and are adoptive admissions and should be admitted for those purposes.

The court has carefully reviewed the exhibits in question. The court notes, and the government concedes, that in exhibit 1002 at least one of Mary Barner's answers relates to Creighton Barner. In exhibit 1003, Mary Barner testifies that her husband's signature appears on the bankruptcy schedules. On this same exhibit, Creighton Barner refers on several occasions to "we" when talking about assets that they owned. With regard to Exhibit 1001, the case agent lists answers to the questions he asked stating "they told me" without discerning which of the Barners answered each question.

The government proposes that the court permit it to go through the transcript and black out references to "we"; or to allow the government to delete certain parts of the

questions; or have the trustee testify about Exhibit 1002 and not refer to the questions and answers that refer to "we." With respect to Exhibit 1003, the government offers similar solutions with respect to the use of "we" in the transcript and the testimony about the signatures on the bankruptcy schedules. And regarding Exhibit 1001, the government suggests that the report would not be offered into evidence. The agent, argues the government, would reference what each defendant said. In the case where a defendant used "we," the government suggests that the agent could testify that the defendant said "I."

Based on the court's independent review of the exhibits, record, briefs, and relevant law, the court agrees with the magistrate. Permitting these statements at trial could incriminate the codefendant. A limiting instruction would not alleviate the problem of incrimination, and redaction is not a good solution either. With regard to the government's argument that a conspiracy need not be charged in the indictment in order for the co-conspirator's statement to be admissible, the court agrees that under certain circumstances that is true. *See United States v. Leroux*, 738 F.2d 943, 949 (8th Cir. 1984). However, the burden is on the government to submit sufficient independent evidence so that this court is satisfied that the statements were made during and furtherance of an illegal association which included both the defendant and the co-conspirator. *Id.* Further, the *Leroux* case and the other cases relied on by the government in its brief do not appear to include a joint trial of co-conspirators as is the case before this court, and the courts in those cases cited by the government did not address the use of such evidence in the context of a joint trial such as the one in the case before this court. Such an argument regarding admissibility of statements of a codefendant may or may not have merit at the trial in this case, but such

evidence has not been developed at this point and is not helpful to the resolution of the motion to sever. The same analysis applies to the government's argument that the evidence is admissible as adoptive admissions. Again, the evidence may or may not be admissible, but that is a decision the court will make at trial based on the evidence presented.

THEREFORE, IT IS ORDERED that:

1. The government's appeal, Filing No. 36, is denied and overruled;

2. The defendants' motion to sever, Filing No. 17, as orally joined in by Mary Barner, is granted; and

3. The court hereby orders this case severed for trial.

DATED this 8th day of December, 2006.

BY THE COURT:


s/ Joseph F. Bataillon
JOSEPH F. BATAILLON
United States District Judge